# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RONALD E. LUCAS,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0655** (BOR Appeal No. 2056281)
                        (Claim No. 2016018933)

**BLUE CREEK MINING, LLC,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Ronald E. Lucas, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blue Creek Mining, LLC, by Counsel Steven K. Wellman and James W. Heslep, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no permanent partial disability award on April 1, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 4, 2021, Order. The Order was affirmed by the Board of Review on July 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Lucas, a fire boss, slipped and twisted his right knee while at work in a mine on January 7, 2016. On April 4, 2016, the claim was held compensable for right knee strain. David Soulsby, M.D., performed an Independent Medical Evaluation on March 12, 2019, in which he noted that an MRI showed a possible meniscus tear. Mr. Lucas stated that he underwent a right knee arthroscopy with a partial medial and lateral meniscectomy on April 18, 2016. After examination, Dr. Soulsby diagnosed torn medial and lateral meniscus of the right knee and preexisting mild right knee osteoarthritis. He found that Mr. Lucas had reached maximum medical improvement and assessed 0% whole person impairment. Dr. Soulsby noted that Mr. Lucas's range of motion and alignment were normal. Based on Dr. Soulsby's report, the claims administrator granted no permanent partial disability award on April 1, 2019.

In a January 21, 2020, Independent Medical Evaluation, Bruce Guberman, M.D., noted right knee tenderness, crepitation, and decreased range of motion. He diagnosed history of right knee strain with medial and lateral meniscal tears following a work injury. It was noted that Mr. Lucas underwent a partial medial and lateral meniscectomy. Dr. Guberman found that Mr. Lucas reached maximum medical improvement and required no further treatment. He assessed 4% whole person impairment from Table 64 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for undergoing a partial medial and lateral meniscectomy.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on July 14, 2020, in which he diagnosed right knee sprain with degenerative tear of the lateral meniscus and complex tear of the posterior horn of the medial meniscus. He found that Mr. Lucas's treating physician, Dr. Castle, stated that the lateral meniscal tear was degenerative and therefore the partial lateral meniscectomy should not be rated. Using the American Medical Association's *Guides*, Dr. Mukkamala assessed 1% impairment from Table 64 for the right knee partial medial meniscectomy.

The Office of Judges affirmed the claims administrator's decision granting no permanent partial disability award in its January 4, 2021, Order. It found that the claim was held compensable for right knee strain, and Dr. Soulsby opined that he suffered no permanent impairment as a result of the injury. Dr. Guberman found 4% impairment for a partial medial and lateral meniscectomy, and Dr. Mukkamala assessed 1% for a partial medial meniscectomy. The Office of Judges noted

that none of the physicians found impairment for range of motion loss, and therefore, if Mr. Lucas were to receive an impairment award, it would be based on his right knee surgery. Dr. Guberman noted that the post-operative diagnoses were grade 2 chondromalacia of the medial femoral condyle, grade 2 chondromalacia of the lateral tibial plateau, grade 2 chondromalacia of the patella, multiple loose articular cartilage bodies, complex tear of the posterior horn o the medial meniscus with displaced fragment into the intercondylar notch, and degenerative tears of the posterior horn of the lateral meniscus. The Office of Judges found that none of the diagnoses are compensable conditions in the claim, and surgery is not appropriate treatment for the compensable condition of right knee sprain. Further, the surgery was not authorized in the claim. The Office of Judges therefore concluded that Mr. Lucas was not entitled to an impairment rating for his right knee surgery. Therefore, the reports of Drs. Guberman and Mukkamala were less reliable than that of Dr. Soulsby who found 0% impairment. The Board of Review affirmed the Office of Judges' Order on July 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The only compensable condition in the claim is right knee sprain, and therefore, any impairment Mr. Lucas has must be based on that diagnosis. Of the three physicians of record, two, Dr. Mukkamala and Dr. Guberman, assessed impairment above 0%. However, both impairment ratings were based on a noncompensable, unauthorized surgery. Dr. Soulsby found 0% impairment based on normal range of motion findings. His report is the most reliable of record.

Affirmed.

**ISSUED: April 5, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton


WOOTON, J., dissenting:

I respectfully dissent to the majority's determination that petitioner is not entitled to a permanent partial disability rating, despite undisputed evidence that he suffered a work-related medial meniscal tear. As the majority opinion notes, after arthroscopic surgery, petitioner was found with both lateral and medial meniscal tears; his own treating physician, however, stated that

the lateral tear was degenerative. Petitioner underwent three independent medical examinations: he was found to have no permanent impairment due to range of motion restrictions, but the surgery to repair the tears alone called for a 4% permanent partial impairment rating. After eliminating that portion of the 4% related to the degenerative lateral tear, the final IME physician found that he was entitled to a 1% permanent partial disability impairment for the surgery attributable to the medial tear. This impairment rating was rejected, however, because the Office of Judges found that no meniscal tears were formally requested to be added as compensable diagnoses; as such, petitioner was left with only a right knee sprain for which surgery was not indicated. The Board of Review affirmed, and the majority follows suit under the same analysis.

"'The Workmen's Compensation Law is remedial in its nature, and must be given a liberal construction to accomplish the purpose intended.'" *Repass v. Workers' Comp. Div.*, 212 W. Va. 86, 92, 569 S.E.2d 162, 168 (2002) (citation omitted). In the spirit of this remedial application, this Court should not purport to be constrained by mere technicalities when it has, in other instances, found such formalities to elevate "form over substance" and disregarded them. *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, ___, 879 S.E.2d 779, 786 (2022). In *Moore*, the Court found that the failure to formally request inclusion of an additional diagnosis was no impediment to the addition of a compensable condition when the issue was "squarely before the Office of Judges[.]" *Id*. at ___, 879 S.E.2d at 787. Likewise, in *Best Buy v. Parrish*, No. 15-1153, 2016 WL 7105264 (W. Va. Dec. 6, 2016) (memorandum decision), this Court affirmed the Office of Judges' addition of a diagnosis where six treating physicians related the condition to the work injury, despite the lack of formal request by way of a diagnosis update form.

Here, the lone issue in contention before the tribunals below was the proper PPD impairment rating to be assigned to the surgery for the various meniscal tears, based upon their relative causation. The relationship of the various meniscal tears to the work injury was the primary focus of the competing IME physician testimony—not the compensability of the tears in the first instance. In fact, it was *undisputed* before the tribunals below that the medial meniscal tear was attributable to petitioner's work injury and warranted at least 1% PPD. However, unlike its handling the same issue in *Moore* and *Best Buy*, the majority endorses the tribunals' refusal of PPD because of the lack of formal request to add the meniscal tear to the compensable diagnoses.

Because the majority strays from its handling of similar technical failures, I respectfully dissent.